IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE M. GORDON-BEY | * | |
| v. | * | Civil No. RDB-11-2760 |
| UNITED STATES OF AMERICA | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-08-0123 |
| MAURICE M. GORDON-BEY | * | |

**MEMORANDUM OPINION**

The *pro se* petitioner Maurice M. Gordon-Bey has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 59).  Petitioner challenges his sentence on grounds that his attorney rendered ineffective assistance of counsel, in violation of his Sixth Amendment rights.  In his Motion to Vacate, Petitioner makes six arguments—namely that trial counsel (1) did not file a timely notice of appeal; (2) failed to inform him of his constitutional rights; (3) failed to investigate the background of a police detective; (4) refused to call his girlfriend as a witness if his case went to trial; (5) did not inform this Court about the forensic test results of the gun he admitted to possessing; and (6) did not obtain video surveillance footage from the scene of his arrest.

 Petitioner has also filed a supplement to his Motion to Vacate (ECF No. 63), which this Court construes as a Motion to Amend.  Petitioner mounts three additional claims of ineffective representation by trial counsel: (1) that trial counsel did not provide Petitioner a copy of his Presentence Report before his sentencing; (2) that trial counsel did not object to two convictions listed on Petitioner's Presentence Report that Petitionerclaims were dismissed; and (3) that trial counsel did not object to this Court's designation of Petitioner as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Pending before this Court is Petitioner's Motion to Vacate (ECF No. 59) and Motion to Amend (ECF No. 63).  Also pending is Petitioner's Motion for Appointment of Counsel (ECF No. 65), in which Petitioner requests this court to appoint an attorney for purposes of his Motion to Vacate.  Upon reviewing Petitioner's motions and the Government's opposition thereto, this Court finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  Petitioner's Motion to Amend (ECF No. 63) is GRANTED, and this Court addresses Petitioner's amended arguments along with those claims set out in his original Motion to Vacate.  Because this Court finds that counsel did not satisfy Petitioner's request to file an appeal, and because the Government acknowledges that Petitioner deserves an opportunity to appeal, Petitioner's Motion to Vacate (ECF No. 59) is GRANTED IN PART and DENIED IN PART.  Specifically, his Motion is GRANTED as to his claim of ineffective assistance of counsel for failure to file a timely notice of appeal.  Petitioner's Motion to Vacate (ECF No. 59) is DENIED as to all other claims, and his Motion for Appointment of Counsel (ECF No. 65) is likewise DENIED.  Accordingly, this Court VACATES the original judgment in this case, *United States v. Gordon-Bey*, Case No. 08-cr-0123 (ECF No. 42), and ORDERS the Clerk of the Court to enter an amended judgment from which Petitioner may file an appeal.

BACKGROUND

On September 9, 2008, Maurice M. Gordon-Bey ("Petitioner") pled guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Plea Agreement, ECF No. 38.  This Court sentenced Petitioner to a 180-month prison term.  Judgment, ECF No. 42.

The facts of this case are taken from Petitioner's plea agreement (ECF No.  38).  On the night of November 28, 2007, Baltimore City police officers surveyed a BP gas station located in the 2800 block of Liberty Heights Avenue in Baltimore, Maryland.  Plea Agreement 3-4.  The officers observed Petitioner enter the parking lot of the gas station in a Toyota Tundra vehicle.  *Id.* at 4.  Petitioner parked his vehicle and opened the back door to access the passenger compartment.  *Id.*  Petitioner then returned to the driver's seat.  *Id.*  After approximately ten minutes, the officers observed a Cadillac sedan, belonging to

2

an individual named Ronald Berry ("Berry"), enter the same parking lot.  *Id.*  Petitioner and Berry met

and peered into the passenger compartment of Petitioner's vehicle.  *Id.*  The officers, suspecting a drug

deal, approached both men.  *Id.*  After a brief conversation with Petitioner, an officer illuminated the back

seat of Petitioner's vehicle with a flashlight.  *Id.*  The officers observed the presence of a tan, powdery

substance that they suspected to be heroin.  *Id.*  The officers arrested Petitioner and recited his *Miranda*

rights.[1]  *Id.*  During a search of Petitioner's vehicle incident to his arrest, the officers recovered three

plastic bags of heroin from the backseat and a loaded Taurus .357 caliber handgun from the dashboard.

*Id.*  Petitioner admitted that he placed both the heroin and the handgun in his vehicle.  *Id.*

On July 8, 2008, a grand jury indicted Petitioner on two counts of unlawful possession with intent

to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), and one count of unlawful

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).   Superseding

Indictment, ECF No. 22.   On September 9, 2008, Petitioner reached a plea agreement with the

Government in which he pled guilty to his firearms charge in exchange for the dismissal of the narcotics

charges (ECF No. 38).   On December 5, 2008, this Court sentenced Petitioner to 180 months in prison

with a five-year period of supervised release (ECF No. 42).   On July 15, 2010, Petitioner appealed his

sentence to the United States Court of Appeals for the Fourth Circuit.   Notice of Appeal, ECF No. 45.

The Fourth Circuit dismissed his case for failure to file a timely notice of appeal.   Judgment of USCA,

ECF No. 57.

On September 20, 2011, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255

(ECF No. 59).   In his Motion, Petitioner asserts that he received ineffective assistance of counsel during

the events leading up to his guilty plea.   Petitioner also claims that counsel failed to file a timely notice of

appeal, which resulted the Fourth Circuit's dismissal of his appeal.   On December 30, 2011, Petitioner

filed a Motion to Amend his Motion to Vacate (ECF No. 63).   In his Motion to Amend, Petitioner argues

that counsel rendered ineffective assistance of counsel essentially because he failed to challenge the

---

[1] In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the Supreme Court held that an accused, before being questioned, must be informed of his right to remain silent, that any statement he makes may be used against him, and that he has the right to the presence of an attorney, "unless other fully effective means are devised."

length of his sentence.  *See id.*  On January 18, 2013, the Government filed its Response to Petitioner's

Motion to Vacate.  Gov.'s  Resp., ECF No. 69.  Petitioner was given an opportunity to file a reply, but he

did not do so.

For the reasons stated herein, Petitioner's Motion to Vacate (ECF No. 59) is GRANTED IN

PART and DENIED IN PART.  Because counsel did not comply with Petitioner's request for an appeal,

Petitioner's Motion to Vacate (ECF No. 59) is GRANTED as to this claim, and this Court VACATES the

original judgment in this case, *United States v. Gordon-Bey*, Case No. 08-cr-0123 (ECF No. 42).  The

Clerk of the Court is ORDERED to enter an amended judgment from which Petitioner may file an appeal.

Petitioner's Motion to Vacate is DENIED as to all other claims set forth in both his original Motion to

Vacate (ECF No. 59) and his Motion to Amend (ECF No. 63).

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than

formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  In

order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the

test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).  First,

Petitioner must show that his counsel's performance was so deficient as to fall below an "objective

standard of reasonableness."   *Id.* at 688.   In assessing whether counsel's performance was

unconstitutionally deficient, courts adopt a "strong presumption" that a counsel's actions fall within the

"wide range of reasonable professional assistance."  *Id.* at 689.  Second, Petitioner must show that his

counsel's performance was so prejudicial as to "deprive the defendant of a fair trial."  *Id.* at 687.  In order

to establish this level of prejudice, petitioner must demonstrate that there is a "reasonable probability that,

but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different."

*Id.* at 694.  Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must

meet both prongs of the *Strickland* test in order to be entitled to relief.  *See id.* at 687.

<u>ANALYSIS</u>

At the outset, this Court grants Petitioner's Motion to Amend his Motion to Vacate (ECF No. 63), because Rule 15(a) of the Federal Rules of Civil Procedure instructs that a court "should freely give leave when justice so requires" for amended motions.  Fed. R. Civ. P. 15(a)(2).  Moreover, the Government has not opposed this motion.  *See* Gov.'s Resp., ECF No. 69.   Accordingly, Petitioner's supplemental arguments in his Motion to Amend are considered in conjunction with the arguments asserted in his original Motion to Vacate.

This Court first addresses Petitioner's claim that counsel did not file a timely notice of appeal. Finding that Petitioner's counsel improperly failed to file a timely notice of appeal, this Court grants in part Petitioner's Motion to Vacate, specifically as to this claim of ineffective assistance of counsel.  This Court then turns to the other arguments set forth in Petitioner's original Motion to Vacate (ECF No. 59), which concern his claims of ineffective assistance of counsel relating to his plea agreement, and those set forth in his Motion to Amend (ECF No. 63), which concern his  claims regarding his sentencing.  Finding that none of Petitioner's remaining arguments in either his Motion to Vacate or Motion to Amend satisfies his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner's Motion to Vacate is denied as to the rest of his ineffective assistance of counsel claims.

**I.**      **Counsel's Failure to File a Notice of Appeal**

Petitioner asserts that counsel did not file a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit.  Pet'r's Mot. 2.  The Supreme Court has held that an attorney's failure to file an appeal, when requested by his client to do so, constitutes *per se* ineffective assistance of counsel. *See e.g., Jones v. Barnes*, 463 U.S. 745, 751 (1983) (noting that the "fundamental decision" of whether to appeal rests with the defendant); *see also Frazer v. South Carolina*, 430 F.3d 696, 703-05 (4th Cir. 2005) (granting petitioner habeas relief due to counsel's failure to file an appeal after a request made by the defendant); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (holding that a court must vacate the original judgment and enter a new one from which an appeal can be taken if counsel was requested to appeal and failed to do so).

In this case, Petitioner alleges that he instructed counsel to file an appeal following this Court's judgment on December 5, 2008.  Pet'r's Mot. 2.  Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, Petitioner had sixty days from the entry of judgment to file a notice of appeal.  *See, e.g., United States v. MacDonald*, 473 F. App'x 315 (4th Cir. 2012).  In this case, Petitioner's counsel did not file a notice of appeal within the sixty-day time period.  After discovering that counsel had failed to file an appeal on his behalf, Petitioner explains that he filed a notice of appeal on July 15, 2010, in which he stated that counsel did not inform Petitioner of counsel's failure to file a timely appeal.  *See* Notice of Appeal, ECF No. 45.  On October 1, 2010, the Fourth Circuit dismissed Petitioner's appeal as untimely.  Judgment of USCA, ECF No. 57.  In its order denying Petitioner's appeal, the appellate court instructed Petitioner that his counsel had failed to file a timely notice of appeal and that this error should be addressed in a motion to vacate.  *See* Judgment of USCA.  In its Response to Petitioner's Motion to Vacate, the Government does not dispute Petitioner's allegation.  Gov.'s Resp. 5.  Rather, the Government states that it "would consent to any Court order allowing [Petitioner] to file a belated appeal."  *Id.*

Because Petitioner and the Government are in agreement concerning Petitioner's claim, this Court finds that Petitioner's counsel rendered ineffective assistance when he did not file a timely notice of appeal.  *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  Petitioner's Motion to Vacate is GRANTED to the extent that he seeks relief due to his counsel's failure to file a timely notice of appeal.  In the accompanying Order, this Court hereby VACATES the judgment in the original case, *United States v. Gordon-Bey*, Case No. 08-cr-0123, and ORDERS the Clerk of the Court to enter an amended judgment from which Petitioner may file a timely appeal.

## II.     Petitioner's Claims of Ineffective Assistance of Counsel Relating to His Conviction

Petitioner argues that counsel provided ineffective assistance for five additional reasons—namely that trial counsel (1) failed to inform him of his constitutional rights; (2) failed to investigate the background of a police detective; (3) refused to call his girlfriend as a witness if his case went to trial; (4) did not inform this Court that the police did not find evidence of Petitioner's fingerprints on the gun

found in Petitioner's vehicle; (5) and did not obtain video surveillance footage from the scene of his arrest.  *See* Pet'r's Mot.  As to Petitioner's fifth claim, the Government has submitted an affidavit from the current owner of the gas station stating that no cameras were installed at the time of Petitioner's arrest. *See* Gov.'s Resp., Ex. 1.  For this reason, Petitioner's final claim is rejected.  This Court addresses each of Petitioner's four other claims below.

A.      *Informing Petitioner of His Constitutional Rights*

Petitioner claims that trial counsel did not inform him of his rights prior to his plea agreement with the Government.  *See* Pet'r's Mot. 2.  Petitioner's plea agreement, however, describes his pertinent rights under a section titled "Waiver of Rights."   Plea Agreement 2-3.  Petitioner signed this plea agreement, indicating his careful review and understanding of the document.  *Id.* at 7.  Furthermore, before Petitioner entered his guilty plea, this Court held a Rule 11 plea colloquy with Petitioner. Transcript of Rearraignment, ECF No. 55.    During this colloquy, Petitioner confirmed that he had reviewed the agreement and understood its consequences.  *Id.* at 7.  This Court also explained to Petitioner that he had the right to plead not guilty and proceed to a trial by jury, that he would have the right to participate in jury selection, as well as that he would have the right to the assistance of counsel, to confront the evidence against him, to decline to testify, to compel the attendance of witnesses, and to appeal a verdict of guilty.  *See id.* 15-19.  Petitioner affirmed that he understood these rights and nevertheless wanted to plead guilty.  *See id.*   After reviewing the transcript from Petitioner's rearraignment, this Court finds that Petitioner acknowledged the existence of his trial rights and waived them.  Therefore, Petitioner fails to show that he was not properly informed of his rights and cannot mount a *Strickland* claim on this basis.

B.      *Investigation of the Background of a Police Detective*

Petitioner asserts that counsel should have investigated past alleged incidents of racial discrimination involving Officer Keith Gladstone ("Officer Gladstone"), one of the police officers who observed the drug deal on the night of November 28, 2007.  *See* Pet'r's Mot. 2-3.  Petitioner argues that Officer Gladstone arrested him illegally, and that the arrest was motivated by Officer Gladstone's racial

bias.  *See id.*  Petitioner cites four civil suits brought against Officer Gladstone, in which plaintiffs claimed discrimination and police misconduct.[2]  *See* Pet'r's Mot. 3.

Petitioner does not satisfy his burden under *Strickland*.  Under the performance prong, Petitioner must show that counsel did not fulfill his "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  466 U.S. at 691.  Petitioner's claim lacks merit, because counsel made a reasonable decision in not pursuing a background investigation of Officer Gladstone.  Petitioner cannot point to any opportunity at which Officer Gladstone's alleged racial bias could have infected the criminal investigation and Petitioner's arrest.  There is no reason to doubt that Officer Gladstone acted on a reasonable suspicion in investigating Petitioner's activities.  Moreover, Petitioner's arrest had a legitimate evidentiary justification—after Officer Gladstone approached Petitioner, he plainly observed what appeared to be bags of drugs in the backseat of Petitioner's vehicle. *See* Plea Agreement 4.  Officer Gladstone had reasonable suspicion to arrest Petitioner, and made a valid search pursuant to a lawful arrest.  *See id.*  Thus, there was no sensible reason for counsel to choose to pursue an argument that Petitioner's arrest was illegal due to Officer Gladstone's alleged racial motivations.  Accordingly, Petitioner falls short of showing that counsel's actions fell below an "objective standard of reasonableness" in his case.  *Strickland*, 466 U.S. at 688.

C.      *Counsel's Failure to Call Petitioner's Girlfriend as a Witness to Testify at Trial*

Petitioner claims that counsel provided ineffective assistance when he objected to calling Petitioner's girlfriend, Bridgette Graham ("Graham"), as a witness if his case went to trial.  Pet'r's Mot. 2. Petitioner asserts that Graham, who was present at Petitioner's arrest, would have testified that Ronald Berry surreptitiously placed the bags of heroin and the loaded handgun in Petitioner's vehicle while

---

[2] This Court notes that an investigation into Officer Gladstone's police background would have not yielded information that would have aided Petitioner's case.  Three out of the four civil suits cited by Petitioner were dismissed.  *See* Correspondence by Gordon-Bey, Oct. 31, 2011, Exs. 5, 10, 11, ECF No. 62.  In one case, a jury found Officer Gladstone liable for "abuse of process," which the Maryland Court of Appeals defines as "misus[ing] criminal or civil process after it has issued in order to obtain a result not contemplated by law." *Palmer Ford, Inc. v. Wood*, 471 A.2d 297, 310 (Md. 1984).  Petitioner, who bases his claim against Officer Gladstone on past racial discrimination, does not show how a prior instance of liability for abuse of process suggests that Petitioner was racially profiled.

Petitioner conversed with the police officers.  *Id.*  Contrary to Petitioner's argument, counsel acted reasonably when he declined to pursue Graham as a witness at trial, because she would have contradicted statements Petitioner made following his arrest.  After the officers detained Petitioner and recited his *Miranda* rights, Petitioner admitted to his procurement of the heroin and firearm prior to arriving at the BP gas station.  *See* Plea Agreement 4.  Testimony by Graham suggesting anything to the contrary would have held little weight against Petitioner's own statements following his arrest.  Furthermore, counsel may have considered that the jury would not reasonably believe testimony by Graham that Berry had managed to place several bags of drugs and a firearm in Petitioner's vehicle while in the presence of police officers.  Given these facts, counsel made a reasonable decision when he told Petitioner that he would not call Graham as a witness.  Accordingly, Petitioner has failed to show that counsel's conduct fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 688.

       D.       *Reporting Forensic Test Results to the Court*

Petitioner asserts that counsel should have informed this Court about the results of a forensic analysis of the handgun found in Petitioner's truck.  Pet'r's Mot. 2.  Government analysts found the firearm negative for Petitioner's fingerprints, and Petitioner believes that this information should have been communicated to this Court prior to his plea agreement.  *See id.*  Petitioner's claim wholly lacks merit, because he admitted to his possession of the firearm in his plea agreement.  Plea Agreement 4.  In his plea agreement, Petitioner specifically acknowledged that he committed every element of the crime and he averred that his statements were true, knowing, and uncoerced.  Plea Agreement 1, 7.  In light of Petitioner's admission of guilt, this Court finds that counsel acted reasonably when he did not inform this Court about the forensic test results.  Accordingly, Petitioner fails to mount a claim of ineffective assistance of counsel on this point.

## III.      Petitioner's Claims of Ineffective Assistance of Counsel at His Sentencing

Having dealt with Petitioner's argument set forth in his original Motion to Vacate, this Court now turns to the claims in his Motion to Amend, in which Petitioner makes three additional claims of ineffective assistance of counsel.  Petitioner asserts that: (1) trial counsel did not provide him a copy of

his Presentence Report before his sentencing; (2) trial counsel did not object to two dismissed charges listed on his Presentence Report; and (3) trial counsel did not object to this Court's finding that Petitioner qualified for a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  *See* Pet'r's Mot. to Am.  This Court addresses each claim in turn, and finds that all of Petitioner's claims lack merit.

      A.     *Counsel's Failure to Provide Petitioner a Copy of the Presentence Report*

Petitioner avers that trial counsel failed to provide a copy of his Presentence Report and did not review the document with him prior to his sentencing.  Pet'r's Mot. to Am. 1.  At sentencing, however, this Court specifically asked Petitioner whether he had received a copy of the Presentence Report.  *See* Transcript of Sentencing 3, ECF No. 54.  Petitioner acknowledged that he had received the report and reviewed it with counsel.  *See id.* at 3-4.  Petitioner indicated that he did not have any objections to his Presentence Report.  *See id.* at 4.  Accordingly, Petitioner fails to establish that counsel did not supply him with a copy of his Presentence Report, and he cannot make out a *Strickland* claim on this basis.

      B.     *Dismissal of Narcotics Charges*

Petitioner argues that trial counsel unreasonably failed to object to the existence of two narcotics convictions listed in his Presentence Report, which he claims were dismissed when a subsequent Violation of Probation warrant was dismissed.  *See* Pet'r's Mot. to Am. 2.  On April 28, 2003, Petitioner was convicted of two separate narcotics crimes in the Circuit Court for the City of Baltimore, and Petitioner received a twelve-year sentence, with all but four days suspended, on each narcotics charge. *See* Presentence Report ¶¶ 34, 36.  Petitioner also received a three-year period of probation following his term of imprisonment.  On June 18, 2004, a Maryland court issued a Violation of Probation warrant for Petitioner's arrest.  *Id.*  This violation was dismissed on April 25, 2005, and Petitioner successfully completed his probation period on April 28, 2006.  *Id.*

 Petitioner argues that the dismissal of the Violation of Probation warrant constitutes a dismissal of both of his narcotics convictions.  *See* Pet'r's Mot. to Am. 2.  Petitioner misinterprets the meaning of the dismissal of the probation violation charges, which only meant that the charge against Petitioner for

allegedly violating the terms of and conditions of his probation was dismissed.  *See* Presentence Report ¶¶ 34, 36.  The disposition of the probation violation charge did not bear on Petitioner's underlying narcotics charges.  Contrary to Petitioner's assertion, the probation officer correctly included these convictions in the Presentence Report, and counsel acted reasonably when he did not object to their existence.

      C.     *Petitioner's Designation as an Armed Career Criminal*

Finally, Petitioner claims that counsel should have objected to this Court's finding that Petitioner qualified as an Armed Career Criminal under section 924(e) of Title 18, known as the Armed Career Criminal Act ("ACCA").  The ACCA mandates a fifteen-year minimum prison sentence for anyone "who violates section 922(g) of [Title 18] and has three previous convictions by any court referenced in 922(g)(1) of [Title 18] for a violent felony or serious drug offense, or both, committed on occasions different from one another . . . ."  18 U.S.C. § 924(e).   Section 924(e)(2)(A)(ii) of Title 18 defines a "serious drug offense" as one "for which a maximum term of imprisonment of ten years or more is prescribed by law."   Petitioner argues that he wrongfully received the mandatory fifteen-year sentence as a result of counsel's ineffective assistance.  *See* Pet'r's Mot. to Am. 2.

> 1.     Petitioner's prior narcotics convictions necessarily qualified as serious drug offenses under the Armed Career Criminal Act; otherwise, the state court would not have been able to sentence him to twelve years for each crime.

In his Motion to Amend, Petitioner argues that he did not qualify as an Armed Career Criminal at sentencing, and counsel should have objected to a mandatory fifteen-year sentence under the Armed Career Criminal Act.  On April 28, 2003, Petitioner pled guilty to two controlled drug substance offenses in the Circuit Court for Baltimore City and received a twelve-year term of imprisonment for each offense.  Presentence Report ¶¶ 34, 36.  The state court, however, suspended all but four days of Petitioner's sentence.  *See id.*  Petitioner asserts that the suspension of each sentence to a period of less than ten years disqualifies them from counting as serious drug offenses as defined by section 924(e)(2)(A)(ii) of the Armed Career Criminal Act.  *See* Pet'r's Mot. to Am. 3.

This Court finds that trial counsel would have had no such basis to object to Petitioner's Armed Career Criminal status.  For purposes of determining predicate convictions for the ACCA, a court does

not consider the actual sentenced imposed upon a defendant, but looks to the maximum term of incarceration that he faced. *See, e.g., United States v. Smith*, 337 F. App'x 362, 364 (4th Cir. 2009) (stating that "the relevant inquiry under the ACCA is the maximum penalty to which the defendant was subject"); *United States v. Byrd*, 208 F. App'x 216, 218 n.3 (4th Cir. 2006) (noting that the suspension of a sentence for a prior conviction was irrelevant when determining predicate offenses).   In this case, Petitioner faced a maximum sentence of at least ten years for each crime, which is evidenced by the fact that the state court sentenced him to concurrent twelve-year sentences.   Therefore, Petitioner's prior narcotics convictions necessarily qualify as serious drug offenses under the ACCA.   The state court's decision to suspend most of the sentence for each conviction does not change the fact that both narcotics convictions had a "maximum term of imprisonment of ten years or more [as] prescribed by law."   18 U.S.C. § 924(e)(2)(A)(ii).   Accordingly, trial counsel acted reasonably when he declined to object to this Court's finding that Petitioner was an Armed Career Criminal.

> 2.    Petitioner's reliance upon *United States v. Simmons* is improper, because the record of his conviction clearly shows that he was sentenced to a twelve-year term for each narcotics conviction.

Petitioner cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), for the proposition that this Court should not have determined that his two narcotics convictions were punishable by a term of imprisonment of greater than ten years unless "the finding is part of the record of conviction."   Pet'r's Mot. to Am. 3.   Even assuming that *Simmons* applies retroactively, Petitioner both misapplies its holding and confirms the propriety of his Armed Career Criminal status.   In *Simmons*, the United States Court of Appeals for the Fourth Circuit reviewed the use of a conviction for simple possession of marijuana as a felony predicate conviction for sentence enhancement under the Controlled Substances Act, 18 U.S.C. § 924(c)(2).   Even though the maximum sentence the defendant had faced for his prior conviction was less than one year, the district court found that the crime qualified as a predicate offense because the state prosecutor could have sought an enhanced sentence for recidivist possession. The Court of Appeals, citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n.12 (2010), held that courts could not use hypothetical sentence enhancements to determine that prior convictions qualified as

predicate felonies.   649 F.3d at 243.   Rather, courts must "look to the conviction itself as [the] starting place" when determining whether a prior conviction qualifies as a felony predicate.   *Id.* at 242 (quoting *Carachuri-Rosendo*, 130 S. Ct. at 2586).

In the present case, this Court did not rely on theoretical sentence enhancements when it found that Petitioner's two prior narcotics convictions qualified as serious drug offenses under the Armed Career Criminal Act.   The record of conviction for both narcotics offenses shows that the Circuit Court for Baltimore City sentenced him to twelve years for each crime.   *See State v. Smith*, No. 102144080 (Cir. Ct. of Md., May 24, 2002).[3]   Because the Armed Career Criminal Act defines a serious drug offense as one with a maximum penalty of ten years or more, Petitioner's receipt of a twelve-year sentence for both narcotics convictions necessarily demonstrates that the state court convicted Petitioner of two serious drug offenses.   *See id.*   Therefore, the ruling of the Court of Appeals in *Simmons* does not apply to Petitioner's case, and this Court properly sentenced Petitioner to a fifteen-year sentence under the Armed Career Criminal Act.

## IV.   Petitioner's Motion for Appointment Counsel (ECF No. 65)

On November 1, 2012, Petitioner filed a Motion for Appointment of Counsel (ECF No. 65), in which he requests a court-appointed attorney for the purposes of his Motion to Vacate.   Petitioner asserts that his knowledge of the law is limited and that he needs counsel to generally assist his case.   *See* Pet'r's Mot. to Appoint Counsel 1.   In ruling upon Petitioner's Motion for Appointment of Counsel, it is within the discretion of this Court to appoint counsel if it deems it to be "in the interests of justice."[4]   However, the Supreme Court has held that a habeas petitioner has no constitutional right to the assistance of counsel.   *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have

---

[3] Petitioner's record of conviction is available at the following website: http://casesearch.courts.state.md.us/inquiry /inquiryDetail.jis?caseId=102144080&loc=69&detailLoc=DSK8.   This record indicates that Petitioner was using another name at the time of his conviction.

[4] *See* 18 U.S.C. § 3006A(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28.").

a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today." (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1969))).

In this case, Petitioner merely states that he requires a court-appointed attorney because "an evidentiary hearing is likely forthcoming in this case." *Id.* This Court declines to grant a court-appointed attorney on such grounds, because an evidentiary hearing is not necessary in this case. In the accompanying Order, this Court orders the Clerk of the Court to appoint counsel for the specific purpose of assisting Petitioner in his pursuit of an appeal; however, this Court DENIES Petitioner's Motion for Appointment of Counsel (ECF No. 65) because it finds that he does not require court-appointed counsel for any other purpose.

<u>CONCLUSION</u>

For the reasons stated above, Petitioner's Motion to Amend his Motion to Vacate (ECF No. 63) is GRANTED, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 59) is GRANTED IN PART and DENIED IN PART. Specifically, the Motion to Vacate is GRANTED as to his claim that counsel did not file a timely notice of appeal and is DENIED as to all other claims of ineffective assistance of counsel. This Court hereby VACATES the judgment in the original case, *United States v. Gordon-Bey*, Case No. 08-cr-0123 (ECF No. 42), and orders the Clerk of the Court to enter an amended judgment from which Petitioner may file a timely appeal. Finally, Petitioner's Motion for Appointment of Counsel (ECF No. 65) is DENIED.

A certificate of appealability shall issue when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As to those claims in Petitioner's Motion to Vacate that this Court has denied, reasonable jurists would not find the claims debatable. Therefore, a certificate of appealability as to those claims is DENIED.

A separate Order follows.


Dated: April 4, 2013

_____/s/_____
Richard D. Bennett
United States District Judge